18-221-cv
*Kennedy v. Supreme Forest Products, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand nineteen.

PRESENT:    GUIDO CALABRESI,
JOSÉ A. CABRANES,
RICHARD C. WESLEY,
*Circuit Judges.*

————————————————————————————

MICHAEL KENNEDY,

*Plaintiff-Appellee,*                                   18-221-cv

v.

SUPREME FOREST PRODUCTS, INC.,

*Defendant-Appellant.*[*]

————————————————————————————

---

[*] The Clerk of Court is respectfully requested to amend the official caption as set forth above.

1

**FOR PLAINTIFF-APPELLEE:**                    MICHAEL JOHN REILLY, Brooklyn, NY.

**FOR DEFENDANT-APPELLANT:**                   MICHAEL SPAGNOLA, Siegel, O'Connor,
                                               O'Donnell & Beck, P.C., Hartford, CT.


Appeal from a January 11, 2018 judgment of the United States District Court for the District of Connecticut (Jeffrey Alker Meyer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED.**

Plaintiff-Appellee Michael Kennedy ("Kennedy") sued Defendant-Appellant Supreme Forest Products, Inc. ("SFP") under the federal Surface Transportation Assistance Act, 49 U.S.C. § 31105(a)(1)(B)(i), for terminating his employment because he refused to drive trucks loaded beyond the federal weight limit. On May 31, 2017, the jury rendered a verdict in favor of Kennedy, awarding him $11,900 in compensatory damages and $425,000 in punitive damages. The District Court subsequently denied SFP's motion for judgment as a matter of law or a new trial, but it reduced the punitive damages award to $250,000 in accordance with the statutory maximum. *See* 49 U.S.C. § 31105(b)(3)(C). On January 11, 2018, the District Court entered its Third Amended judgment. SFP timely appealed, challenging several of the District Court's evidentiary and post-trial rulings. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's denial of a motion for judgment as a matter of law and its determination of the constitutionality of a punitive damages award. *Highland Capital Mgmt. LP v. Schneider*, 607 F.3d 322, 326 (2d Cir. 2010); *Thomas v. iStar Fin., Inc.*, 652 F.3d 141, 148 (2d Cir. 2011). We review a District Court's rulings on evidentiary matters, and on motions for a new trial and for a mistrial, for abuse of discretion. *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 150 (2d Cir. 1997); *Presley v. U.S. Postal Serv.*, 317 F.3d 167, 173 (2d Cir. 2003); *United States v. Carson*, 52 F.3d 1173, 1189 (2d Cir. 1995). Moreover, we will not reverse based on an erroneous evidentiary ruling "unless it is likely that in some material respect the factfinder's judgment was swayed by the error." *Perry*, 115 F.3d at 150.

SFP appeals the denial of its motions for judgment as a matter of law with respect to both liability and damages. Advancing similar arguments, SFP also appeals the denial of its motion for a new trial under Rule 59. While the standards for ordering judgment as a matter of law and ordering a new trial are slightly different,[1] we analyze the denials together and affirm regardless of standard

---

[1] Judgment as a matter of law is appropriate only where a movant demonstrates, "after full hearing on an issue at trial, there is no legally sufficient evidentiary basis for a reasonable jury to resolve the issue in favor of the non-moving party." *Cross v. New York City Transit Auth.*, 417 F.3d

because SFP's underlying arguments are substantially the same. Below, we first consider SFP's arguments as to liability, and then with respect to damages.

Liability:

SFP claims that Kennedy failed to establish an essential element of the cause of action, namely that he would have operated the vehicle on an interstate highway. At trial, Kennedy offered no express testimony or direct evidence of the route that he would have traveled. SFP therefore argues that the jury's inference of a route amounted to impermissible speculation. *See Taylor v. Brentwood Union Free Sch. Dist.*, 143 F.3d 679, 685 (2d Cir. 1998).[2]

We disagree. When considering a motion for judgment as a matter of law under Rule 50, a court "must give deference to all credibility determinations and reasonable inferences of the jury." *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 289 (2d Cir. 1998). As we have explained, "jurors are entitled, and routinely encouraged, to rely on their common sense and experience in drawing inferences." *United States v. Sabhnani*, 599 F.3d 215, 241–42 (2d Cir. 2010) (internal quotation marks and brackets omitted).

Here, there were sufficient evidentiary grounds for a reasonable inference that Kennedy would have driven on a federal interstate highway. Kennedy testified that he understood the federal weight limitation applied only to the "federal highway system," J.A. at 168, and that he refused to deliver a load of mulch on April 3, 2014 because he believed that doing so would "break the law . . . [t]he overweight law." *Id.* at 338. Taken together, the two statements amount to testimony that Kennedy's delivery route on April 3, 2014 would have taken him onto the federal highway system.

Moreover, such an inference is justified based on common sense and geography: testimony demonstrated that Kennedy refused to transport two loads, both originating in Southington, Connecticut and destined for Bridgeport, Connecticut and Hartford, Connecticut. We need only

---

241, 247 (2d Cir. 2005) (internal quotation marks and citations omitted). The burden here is "particularly heavy" as "the jury has deliberated in the case and actually returned its verdict." *Id.* at 248. By contrast, a District Court will order a new trial if "the jury has reached a seriously erroneous result or [its] verdict is a miscarriage of justice." *Stampf v. Long Island R. Co.*, 761 F.3d 192, 202 (2d Cir. 2014).

[2] It is undisputed that the District Court properly instructed the jury on this issue. Indeed, the District Court specifically explained to the jury that it was required to find that "Kennedy refused to operate a vehicle because its operation would have violated *a federal regulation that prohibits the operation of a motor vehicle on the federal interstate highway system* that exceeds a total weight of 80,000 pounds." J.A. 909 (emphasis added).

look at a map to determine that the most direct routes on these trips involve the use of the interstate system. *See United States v. Hernandez–Fundora*, 58 F.3d 802, 811 (2d Cir. 1995) ("Geography has long been peculiarly susceptible to judicial notice . . . ."). A local jury (as this one was, *see* J.A. 1046–47) would not even have needed a map. The jury was entitled to deploy its common sense and experience to infer Kennedy's likely routes, based on their general knowledge of the region and an inference that Kennedy would have taken the fastest and most direct route. This inference is further supported by Kennedy's testimony that the company sought to increase profitability by reducing total travel time. *See* J.A. 276-79. Taken together, then, there was sufficient evidence for the jury to conclude that Kennedy would have driven on an interstate highway.

Punitive Damages:

SFP also argues that no reasonable jury could have found SFP liable for punitive damages because there was no evidence of the requisite state of mind. As we have explained, plaintiffs "may establish the requisite state of mind for an award of punitive damages with evidence (1) that the defendant discriminated in the face of a perceived risk that its actions violated federal law, *or* (2) of egregious or outrageous acts that may serve as evidence supporting an inference of the requisite evil motive." *United States v. Space Hunters, Inc.*, 429 F.3d 416, 427 (2d Cir. 2005) (internal citations, ellipses, and quotation marks omitted). Mere intent to discriminate is not enough; there must be proof of intent to violate (or reckless disregard for) the law. As the Supreme Court explained, "[t]here will be circumstances where intentional discrimination does not give rise to punitive damages liability under this standard. In some instances, the employer may simply be unaware of the relevant federal prohibition." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536–37 (1999).

In this case, a reasonable juror could have determined that SFP acted (at least) recklessly with regard to Kennedy's legal rights. Most importantly, "evidence of a defendant's actions to cover up discriminatory conduct can support an inference that the defendant acted with reckless indifference to a federally protected right." *Space Hunters, Inc.*, 429 F.3d at 428 (citing *E.E.O.C. v. Wal-Mart Stores, Inc.*, 156 F.3d 989, 993 (9th Cir. 1998)). Here, trial testimony suggested that SFP immediately tried to cover up the true circumstances under which Kennedy left the company. For instance, Tracy O'Connell, SFP's "human resources person," testified that Kennedy's supervisor informed her that Kennedy had quit and instructed her to file paperwork accordingly. J.A. 765–68. An inference of willful discrimination is further supported by trial evidence establishing that SFP distributed an employee handbook discussing applicable regulations—thus demonstrating knowledge of related law. J.A. 203. Together, this evidence provided a sufficient basis for a rational juror to determine that SFP "discriminated in the face of a perceived risk" that its actions would violate Kennedy's protected rights. *Space Hunters Inc.*, 429 F.3d at 427.[3]

---

[3] The District Court suggested that SFP's conduct was "wanton" and "reckless" because SFP deliberately disregarded federal safety regulation in driving overweight trucks. *See Kennedy v. Supreme*

Excessiveness:

SFP's strongest argument concerns the excessiveness of the punitive damages award.[4] The courts, we have noted, "bear the responsibility to ensure that judgments as to punitive damages . . . are not excessive." *Payne v. Jones*, 711 F.3d 85, 96 (2d Cir. 2013). We execute that responsibility through "the order of remittitur, which sets aside an award, ordering a new trial, unless the plaintiff agrees to accept a lesser amount." *Id.* In determining excessiveness, courts must review the facts in relation to three factors: "(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003)

With respect to the first factor, reprehensibility, SFP argues that its termination of Kennedy reflects few if any of the aggravating characteristics traditionally emphasized by the Supreme Court. *See BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575–76 (1996); *State Farm* 538 U.S. at 419 (2003) (identifying, *inter alia*, violence, deceit, greed and repeat offenses). By contrast, Kennedy argues that he was terminated in the furtherance of a long-standing, profit-driven scheme that endangered public safety. The District Court aligned with Kennedy's view and emphasized SFP's greed and repeat offenses—precisely those characteristics highlighted as reprehensible in *State Farm*.[5] The District Court described SFP's behavior as being a "long-running, profit-driven policy to violate federal transportation safety law." *Kennedy,* 295 F. Supp. 3d at 122. The jury, in awarding punitive

---

*Forest Prod., Inc.*, 295 F. Supp. 3d 113, 121 (D. Conn. 2017). Relying on *Kolstad*, however, SFP argues that the District Court should not have considered the intent behind its general policy of driving overweight trucks, but only the intent underlying its termination of Kennedy. *See* Br. Appellant 27. As the jury instructions required recklessness with respect to Kennedy's rights, *see* J.A. 920–21, and as we think there was sufficient evidence to support its finding, we need not reach this issue.

[4] SFP seems to argue only that the jury award is *constitutionally* excessive. Br. Appellant 33. We have explained, however, that a "federal trial court reviewing a jury's punitive award for excessiveness, and a federal appellate court (including the Supreme Court), reviewing a federal district court's ruling on that question, have considerably more supervisory authority than the Supreme Court has over the decisions of the highest courts of a state . . . [and it] is not required to find that the jury's award was so excessive as to violate due process." *Payne v. Jones*, 711 F.3d 85, 97 (2d Cir. 2013). We review rulings for excessiveness less than constitutional error for abuse of discretion. *Id.* at 100. As we think the award in this case was reasonable regardless of which standard is applied, we need not choose between them here.

[5] SFP argues that these characteristics establish only the reprehensibility of SFP's overweight driving policy, but not the separate illegal act of firing Kennedy. Appellants Br. 40. We disagree. As SFP fired Kennedy in furtherance of that broader policy, similarly reprehensible intent underlies both illegal acts.

damages that the District Court diminished in accordance with the statutory maximum, clearly agreed.[6]

Moreover, the latter two factors also squarely support the punitive damages award. First, $250,000 is not disproportionate to the "potential harm" caused by the termination of one's job. And second, $250,000 is precisely the sum authorized by the United States Congress. The latter factor bears particular importance here, because "only where an award would shock the judicial conscience and constitute a denial of justice, for example because it would result in financial ruin of the defendant or constitute a disproportionately large percentage of a defendant's net worth and thereby violate due process, should the court reduce an award of punitive damages to below the appropriate cap." *Luciano v. Olsten Corp.*, 110 F.3d 210, 221 (2d Cir. 1997) (internal quotation marks omitted). SFP does not argue that $250,000 would "result in financial ruin" or "constitute a disproportionately large percentage" of its net worth. The damages award is not, therefore, impermissibly excessive.

Motions for Mistrial and Exclusion of Evidence:

Finally, we do not think that the District Court abused its discretion in prohibiting evidence about Kennedy's subsequent illegal acts or in denying a mistrial based on a few sentences in Kennedy's opening statement. On the contrary, we note that the District Court explicitly permitted SFP to question Kennedy about conduct relevant to his claims. J.A. 101. We similarly note that any impermissible comments were "an aberration in an otherwise fair proceeding," *United States v. Elias*, 285 F.3d 183, 191 (2d Cir. 2002), and that the District Court issued a curative instruction. In any case, "[g]reat discretion is to be given the judge who was present throughout the trial and is best able to determine the effect of the conduct of counsel on the jury." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1289 (2d Cir. 1990).

---

[6] That SPF's conduct was particularly reprehensible, coupled with the small amount of compensatory damages available to Kennedy, further justifies the punitive damages award. *See State Farm,* 538 U.S. at 419 ("[B]ecause there are no rigid benchmarks that a punitive damages award may not surpass, ratios greater than those we have previously upheld may comport with due process where 'a particularly egregious act has resulted in only a small amount of economic damages.'" (quoting *Gore,* 517 U.S. at 606 (1996)); *Payne,* 711 F.3d at 102 ("[I]n cases of very small injury but very reprehensible conduct, the appropriate ratios can be very high.")

## CONCLUSION

We have reviewed all of the arguments raised by SFP on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the January 11, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk